UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:15-CR-20-GFVT-HAI-4 |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| BRYANT JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Van Tatenhove, the Court considers reported violations of supervised release conditions by Bryant Johnson. D.E. 341 at 2. District Judge Van Tatenhove entered a judgment against Defendant on June 2, 2016, following a plea of guilty to one count of conspiracy to distribute a mixture or substance containing a detectable amount of methamphetamine. D.E. 207 at 1. Defendant was sentenced to eighty-two months of imprisonment followed by four years of supervised release. *Id*. at 2-3. On August 30, 2021, Defendant was released from custody to begin his term of supervision.

**I.**

On February 16, 2022, the United States Probation Office ("USPO") issued the Supervised Release Violation Report ("the Report") that initiated these proceedings. According to the Report,

> On February 14, 2022, the defendant was instructed to submit a urine specimen for drug testing during contact made at his residence. The defendant was provided over one hour to submit the sample but indicated was not able to urinate. During this period, the defendant admitted to smoking marijuana on

1

>February 12, 2022, which he was aware contained methamphetamine. The defendant signed a Prob 4-Positive Urinalysis Admission Report.

The Report charges four violations based on this conduct. Violation #1 alleges that Defendant violated the condition requiring him to refrain from possessing or using any controlled substance, except as prescribed by a physician. This is a Grade C violation. Violation #2 alleges that Defendant violated the condition requiring him to submit to periodic drug testing at the direction and discretion of the probation officer. This is also a Grade C violation. Violations #3 and #4 allege that Defendant violated the condition requiring him to not commit another federal, state, or local crime. Citing the Sixth Circuit's decision that use is equivalent to possession, Violations #3 and #4 are Grade B violations because Defendant's methamphetamine and marijuana possession, on account of his prior drug conviction, constitute Class E felonies under 21 U.S.C. § 844(a).

Magistrate Judge Atkins conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on March 7, 2022. D.E. 343. Defendant entered a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. *Id.* At that time, the United States made an oral motion for detention; Defendant did not request release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required. *Id.*

At the final hearing on March 21, 2022, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 345. Defendant waived a formal hearing and stipulated to the violations set forth in the Report. *Id.* The Court found Defendant to be competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and intelligently made. *Id*. The Court also found the stipulation to be consistent with the advice of Defendant's counsel. *Id.*

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Defendant's stipulation permits the Court to find that he engaged in conduct that is a Grade B violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(2).

During the final hearing, the parties did not have an agreement on the appropriate sentence for Defendant's violations. The government recommended fourteen months of imprisonment followed by continuing the original term of supervised release, to end on August 29, 2025. Defense counsel, on the other hand, recommended twelve months and one day of imprisonment to be followed by one year of supervised release. Defense counsel also requested that Defendant be housed at FMC Lexington to accommodate his physical and mental health issues during his term of imprisonment.

The government focused on the breach of the Court's trust, the nature and circumstances of the underlying offense, and Defendant's history and characteristics. The government stated that Defendant's signed admission to using methamphetamine and marijuana and acceptance of responsibility are mitigating factors. However, the government also stated that the close correlation between Defendant's underlying conviction and the violations is concerning. Further, the government noted that Defendant's substance abuse creates a serious risk that he will return to the violent offenses that are riddled throughout his criminal history, which, in turn, creates a need to protect the public.

Defense counsel noted that Defendant quickly accepted responsibility for the underlying offense and the current violations. Defense counsel stated that Defendant was released to a halfway house from March until August of 2021, during which he had no reported violations. Defense counsel explained that Defendant discovered that his wife had been unfaithful, which

3

caused him to revert back to his addiction as a coping mechanism. However, defense counsel stated that the violations do not indicate that Defendant will return to methamphetamine trafficking, but, rather, that the relapse was an isolated incident. Defense counsel also stated that Defendant has avoided serious violent incidents for ten years and highlighted that Defendant did not become violent when he learned about his wife's infidelity. As further mitigating factors, defense counsel stated that Defendant has taken efforts to rehabilitate himself and suffers from several medical and mental health issues.

Defendant directly addressed the Court and apologized for his actions. Defendant also stated that learning about his wife's infidelity was a "bombshell," but that he will not relapse again.

## II.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction pursuant to 21 U.S.C. § 841(b)(1)(C) is a Class felony. *See* 21 U.S.C. §§ 841(b)(1)(C); 18 U.S.C. § 3559(a)(3). For a Class C felony, the maximum revocation sentence provided under § 3583 is two years of imprisonment. 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007) ("[T]he policy statements found in Chapter Seven of the United States Sentencing Guidelines . . . 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under section 7B1.1, Defendant's admitted conduct qualifies as Grade C violations with respect to Violations

#1 and #2 and Grade B violations with respect to Violations #3 and #4. Given Defendant's criminal history category of IV (the category at the time of the conviction in this District) and a Grade B violation, Defendant's Range under the Revocation Table of Chapter 7 is twelve to eighteen months. U.S.S.G. § 7B1.4(a); *see* U.S.S.G. § 7B1.1(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."). Both parties agreed to this calculation of the range.

A Court may also re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Defendant's original conviction carries no maximum term of supervised release. 21 U.S.C. § 841(b)(1)(C).

Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant's release because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1). The only exception would be if a suitable treatment option, or Defendant's record of involvement in treatment, warranted relief. *See* 18 U.S.C. § 3583(d); *United States v. Crace*, 207 F.3d 833, 835 (6th Cir. 2000) (holding district court "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d)"). Defendant did not request or argue in favor of this exception and the record does not support its application.

The presence of a Grade B violation also means that revocation is recommended under the Guidelines. U.S.S.G. § 7B1.3(a)(1) ("Upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release."). Even if revocation were not mandatory, revocation would be appropriate in this case due to the nature of the violations.

### III.

The Court has evaluated the entire record, the Report, all accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis.

The Court first considers the nature and circumstances of Defendant's conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). Defendant played a small but integral role in a methamphetamine manufacturing conspiracy. The record also reveals that Defendant has a lengthy criminal history that demonstrates that he can be violent and make poor decisions when he is using controlled substances.

The Court next considers Defendant's history and characteristics, the need to deter criminal conduct, and the need to protect the public. Incarceration is necessary to protect the public and deter further criminal conduct. Defendant's possession and use of controlled substances while on supervised release promotes drug trafficking and poses the risk of returning to criminal conduct, which is dangerous to the public. This danger is exacerbated in light of the violence riddled throughout Defendant's lengthy criminal history, which also reflects his trouble with complying with court-ordered supervision. While the circumstances leading to Defendant's controlled substance use and possession may explain the violations, they do not justify them.

Stressful events are a common aspect of life, and Defendant alone is responsible for his choices. He must learn to cope with difficult circumstances in healthy ways.

However, Defendant suffering emotional abuse, while also witnessing his mother experience the same, and using alcohol and controlled substances throughout his childhood are mitigating factors.

Regarding the need to provide education, training, or treatment, the parties did not request treatment. Rather, the parties indicated that the violations are isolated incidents, which reflect poor judgment rather than a need for treatment.

The Guidelines suggest that the *primary* wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Defendant's present breach of trust is troubling because of its close connection to the underlying offense and his risk of returning to more violent conduct. However, his acceptance of responsibility mitigates that breach to a certain extent.

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is addressed by a recommended sentence within the Guidelines range. Here, the Court recommends a sentence of incarceration of thirteen months. For the reasons discussed above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violations. *See* 18 U.S.C. § 3583(b) & (h). Defendant's conviction under 21 U.S.C. § 841(b)(1)(C) carries no maximum term of supervised release. The Court recommends reimposition of Defendant's supervised release, to end on the original date of termination – August 29, 2025.

**IV.**

Based on the foregoing, the Court **RECOMMENDS**:

1. That Defendant be found guilty of the violations;

2. Revocation with a term of thirteen months of imprisonment at a facility closest to Lexington, Kentucky that can accommodate his health issues; and

3. Supervised release under the same conditions previously imposed, to end on August 29, 2025.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within **fourteen** days after being served with a copy of this recommended disposition, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon

submission. If Defendant chooses to waive allocution, he **SHALL** do so on or before the deadline for filing objections.

    This the 24th day of March, 2022.

Signed By:
Hanly A. Ingram
United States Magistrate Judge