UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:15-cr-00020-GFVT-HAI-4 |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| BRYANT JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram.  [R. 346.]  Defendant Bryant Johnson has been charged with violations of his supervised release.  In 2016, Mr. Johnson was sentenced to eighty-two months of imprisonment, to be followed by four years of supervised release, after pleading guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846.  [R. 207.]

On February 14, 2022, Mr. Johnson failed to provide a urine test to his probation officer, and eventually admitted to smoking marijuana that he knew contained methamphetamine.  [R. 345 at 1-2.]  Mr. Johnson's actions constitute four violations of the terms of his supervised release.  First, Mr. Johnson has committed a Grade C violation for possessing or using a controlled substance not prescribed by a physician.  Second, he has committed a Grade C violation for failing to submit to periodic drug testing at the discretion of his probation officer.  Third and fourth, Mr. Johnson has committed Grade B violations for committing another state, federal, or local crime by using and possessing methamphetamine and marijuana.[1]  *Id.* at 2.

---

[1] Because use of an illegal substance equals possession and Mr. Johnson has a prior drug conviction, his use of methamphetamine and marijuana constitute Class E felonies in violation of 21 U.S.C. § 844(a)

On March 7, 2022, Mr. Johnson appeared before Judge Ingram for his initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 343.] During the hearing, the United States made an oral motion for interim detention and Mr. Johnson did not request release. [R. 346 at 2.] Based on the heavy defense burden under 18 U.S.C. § 3143(a), Judge Ingram remanded Mr. Johnson to the custody of the United States Marshal. *Id.* On March 21, 2022, Mr. Johnson appeared before Judge Ingram for his final hearing. [R. 345.] There, he stipulated to the violations imposed upon him. [R. 346 at 2.] The Magistrate Judge found Mr. Johnson to have been "competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and intelligently made." *Id.*

At the final hearing, the parties disagreed about the appropriate sentence for Mr. Johnson's violations. *Id.* at 3-4. The Government sought revocation and fourteen months of imprisonment, with the original term of supervision to follow. *Id.* at 3. In support of its position, the Government referenced Mr. Johnson's criminal history, which includes involvement in distributing the same drug he abused in violation of his supervised release. *Id.* The Government's position was that Mr. Johnson's "substance abuse creates a serious risk that he will return to the violent offenses that are riddled throughout his criminal history, which, in turn, creates a need to protect the public." *Id.* In response, the defense argued that Mr. Johnson had been triggered into usage by discovering that his wife had been unfaithful, that his use was an isolated incident, that he has "avoided serious violent incidents for ten years," and admitted to his violations. *Id.* at 4.

After hearing both arguments, Judge Ingram evaluated the entire record and considered all of the Section 3553 factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Ultimately, Judge Ingram recommended revocation with a term of thirteen

months imprisonment at a facility closest to Lexington, Kentucky that can accommodate Mr. Johnson's health issues, to be followed by a period of supervised release under the same conditions previously imposed, to end on August 29, 2025. *Id.* at 8.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). Mr. Johnson has not filed any objections to Judge Ingram's Report and Recommendation and filed a waiver of allocution on March 29, 2022. [R. 347.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby ORDERED as follows:

1. The Report and Recommendation [R. 346] is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Johnson is found **GUILTY** of all violations;

3. Mr. Johnson's supervised release is **REVOKED**;

4. Mr. Johnson is **SENTENCED** to a term of incarceration of thirteen months at a facility closest to Lexington, Kentucky that can accommodate his health issues;

5. Mr. Johnson's supervision term is **RE-IMPOSED** under the same conditions previously imposed, to end on August 29, 2025;

6. Judgment shall enter promptly.

This the 19th day of April, 2022.

Gregory F. Van Tatenhove
United States District Judge