UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 6:15-CR-20-GFVT-HAI-4 |
| ) | |
| v. ) | RECOMMENDED DISPOSITION |
| ) | |
| BRYANT JOHNSON, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Van Tatenhove, the Court considers reported violations of supervised release conditions by Bryant Johnson. D.E. 371 at 2. District Judge Van Tatenhove entered a judgment against Defendant on June 2, 2016, following a plea of guilty to one count of conspiracy to distribute a mixture or substance containing a detectable amount of methamphetamine. D.E. 207 at 1. Defendant was sentenced to eighty-two months of imprisonment followed by four years of supervised release. *Id*. at 2-3. On August 30, 2021, Defendant was released from custody to begin his first term of supervision.

On April 19, 2022, Defendant's term of supervised release was revoked after he was adjudicated guilty of the following violations: use of a controlled substance; failure to submit to drug testing; and two counts of a commission of a crime. D.E. 348. Defendant was sentenced to thirteen months of imprisonment, with a term of supervised release scheduled to expire on August 29, 2025. *Id.* On January 31, 2023, Defendant was released from custody to begin

1

service of his second term of supervised release and was referred to Windows of Discovery for substance abuse and mental health counseling.

### I.

On May 8, 2023, the United States Probation Office ("USPO") issued the Supervised Release Violation Report ("the Report") that initiated these proceedings. According to the Report,

> On May 5, 2023, the defendant was arrested by the Pulaski County, Kentucky, Sheriff's Department and charged with the following: Assault-4th Degree-Domestic Violence-K.R.S. § 508.030, a Class A misdemeanor. The case is filed under Pulaski County, Kentucky, District Court case #23-M-436. An arrangement is scheduled for May 8, 2023. (Details of the offense are contained in the enclosed Kentucky Uniform Citation)
>
> On May 5, 2023, the defendant was issued a citation by the Somerset, Kentucky, Police Department and charged with the following: No Operators-Moped License-K.R.S. § 186.410(1), a Class B misdemeanor; Leaving the Scene of an Accident-Failure to Render Aid or Assistance- K.R.S. § 189.580(1)(A), a Class A misdemeanor; and Failure of Non-Owner Operator to Maintain Required Insurance-K.R.S. § 304.99-060, a Class B misdemeanor. The case is filed under Pulaski County, Kentucky, District Court case #23-T-1504. An arrangement [*sic*] is scheduled for May 10, 2023. (Details of the offense are contained in the enclosed Kentucky Uniform Citations)

The Report charges one violation based on this conduct. Violation #1 alleges that Defendant violated the condition requiring him to not commit another federal, state, or local crime. This is a Grade C violation.

The Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on June 1, 2023. D.E. 374. Prior to the hearing, the USPO issued the Supervised Release Violation Report Addendum ("the Addendum"). According to the Addendum,

> On May 10, 2023, the defendant was adjudicated guilty as to the charge of Assault-4th Degree-Domestic Violence-K.R.S. § 508.030, a Class A misdemeanor, filed under Pulaski County, Kentucky, District Court case #23-M-436. The defendant was sentenced to 90 days in jail, which were discharged for a

period of 12 months under the following conditions: not to enter upon or remain upon property of Kelly Creech and have no violent contact, directly or indirectly, with Kelly Creech. The "no contact with Kelly Creech's property" provision was vacated on May 15, 2023.

The charges of No Operators-Moped License-K.R.S. § 186.410(1), a Class B misdemeanor; Leaving the Scene of an Accident-Failure to Render Aid or Assistance-K.R.S. § 189.580(1)(A), a Class A misdemeanor; and Failure of Non-Owner Operator to Maintain Required Insurance-K.R.S. § 304.99-060, a Class B misdemeanor, filed under Pulaski County, Kentucky, District Court case #23-T-1504, remain pending. A pretrial conference is scheduled for July 10, 2023.

At the initial appearance, Defendant entered a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. *Id.* At that time, the United States made an oral motion for detention; Defendant argued for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required. *Id.*

At the final hearing on July 6, 2023, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 380. Defendant waived a formal hearing and stipulated to the violation set forth in the Report. *Id.* Following a brief discussion concerning the factual allegations of the violation, the Court found Defendant to be competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of Defendant's counsel. *Id.*

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Defendant's stipulation permits the Court to find that he engaged in conduct that is a Grade C violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(3).

During the final hearing, the parties did not have an agreement on the appropriate sentence for Defendant's violations. The government recommended twelve months of

3

imprisonment followed by two years of supervised release. Defense counsel, on the other hand, recommended eight months of imprisonment with no supervised release to follow.

The government focused on the breach of the Court's trust, the nature and circumstances of the underlying offense, and Defendant's history and characteristics. The government stated that Defendant's prompt guilty plea in state court and his stipulation to the current violation are mitigating factors. The government also stated that the current violation and Defendant's underlying conviction are attenuated. However, the government noted that Defendant's criminal history involves three prior assaults, as well as instances of avoiding arrest, both of which underlie the current violation. The government also argued that Defendant's poor attitude during his initial appearance reflects his lack of respect for the Court and the conditions of his supervised release.

Defense counsel noted that Defendant quickly accepted responsibility for the underlying offense and the current violation. Defense counsel argued that any term of supervised release would result in a waste of the Court's resources because Defendant will commit additional violations in the future.

Defendant directly addressed the Court and apologized for his poor attitude during his initial appearance.

## II.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction pursuant to 21 U.S.C. § 841(b)(1)(C) is a Class felony. *See* 21 U.S.C. §§ 841(b)(1)(C); 18 U.S.C. § 3559(a)(3). For a Class C felony, the maximum revocation sentence provided under § 3583 is two years of imprisonment. 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007) ("[T]he policy statements found in Chapter Seven of the United States Sentencing Guidelines . . . 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under section 7B1.1, Defendant's admitted conduct qualifies as a Grade C violation. Given Defendant's criminal history category of IV (the category at the time of the conviction in this District) and a Grade C violation, Defendant's Range under the Revocation Table of Chapter 7 is six to twelve months. U.S.S.G. § 7B1.4(a). Both parties agreed to this calculation of the range.

A Court may also re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Defendant's original conviction carries no maximum term of supervised release. 21 U.S.C. § 841(b)(1)(C).

**III.**

The Court has evaluated the entire record, the Report, Addendum, all accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis.

The Court first considers the nature and circumstances of Defendant's conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (explaining that this sentencing

factor focuses upon the original offense rather than the violations of supervised release). Defendant played a small but integral role in a methamphetamine manufacturing conspiracy. The record also reveals that Defendant has a lengthy criminal history that demonstrates that he can be violent and make poor decisions regardless of whether he is using controlled substances.

The Court next considers Defendant's history and characteristics, the need to deter criminal conduct, and the need to protect the public. Incarceration is necessary to protect the public and deter further criminal conduct. The current violation involves dangerous conduct. This danger is exacerbated in light of the violence riddled throughout Defendant's lengthy criminal history, which also reflects his trouble with complying with court-ordered supervision. Defendant has yet to learn from his past mistakes, and, instead, chose to flee from taking responsibility for his actions.

Regarding the need to provide education, training, or treatment, the parties did not request treatment. Defendant has been provided with treatment for both his substance abuse and mental health issues. An additional term of supervised release will provide Defendant with further treatment opportunities.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Defendant's present breach of trust is troubling. His previous violations did not involve the violent conduct underlying the current violation. In fact, Defendant's counsel during the prior revocation proceedings heavily relied on the absence of violence from those violations as a mitigating

factor. In this respect, Defendant has regressed and has refused to acknowledge that he is responsible for his actions and their consequences.

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is addressed by a recommended sentence within the Guidelines range. Here, the Court recommends a sentence of incarceration of twelve months. As discussed during the final hearing, Defendant's violation and history do not support a sentence that would allow him to obtain good-time credit. For the reasons discussed above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violations. *See* 18 U.S.C. § 3583(b) & (h). Defendant's conviction under 21 U.S.C. § 841(b)(1)(C) carries no maximum term of supervised release. The Court recommends a one-year term of supervised release. This term is designed to provide Defendant with an attainable goal and motivate him to complete supervised release with no further violations.

**IV.**

Based on the foregoing, the Court **RECOMMENDS**:

1. That Defendant be found guilty of the violation;
2. Revocation with a term of twelve months of imprisonment; and
3. One year of supervised release to follow, under the same conditions previously imposed.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within **fourteen** days after being served with a copy of this

recommended disposition, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission. If Defendant chooses to waive allocution, he **SHALL** do so on or before the deadline for filing objections.

This the 7th day of July, 2023.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge