UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim. No. 6:15-cr-00020-HAI-4 |
| ) | |
| v. ) | |
| ) | **ORDER** |
| BRYANT JOHNSON, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly Ingram. [R. 381.]  In 2016, the Court sentenced Defendant Bryant Johnson to 82 months of imprisonment followed by four years of supervised release after he pled guilty to conspiracy to distribute methamphetamine. [R. 207.]  Now, the United States Probation Office charges Mr. Johnson with one Grade C violation of his supervised release conditions. [R. 381 at 2.]

The charge stems from a violation of the condition that Mr. Johnson refrain from committing another federal, state, or local crime. *Id.*  Probation alleges that state officials arrested Mr. Johnson for assault in the fourth degree, operating a moped without a license, leaving the scene of an accident, and failure to maintain insurance on the moped. *Id.*  Judge Ingram recommends a sentence of 12-months' incarceration followed by one year of supervised release based on Mr. Johnson's "small but integral role" in the underlying offense, his lengthy criminal history, and the violation of the Court's trust presented by Mr. Johnson's escalation to violent behavior. *Id.* at 6–7, 9.

Mr. Johnson appeared before Judge Ingram for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1.  [R. 374.]  During the hearing, Mr. Johnson competently, knowingly, voluntarily, and intelligently waived his rights to a preliminary hearing.  *Id.*  On July 6, 2023, Mr. Johnson appeared before Judge Ingram for his final hearing.  [R. 380.]  As Judge Ingram found, Mr. Johnson "competently, knowingly, voluntarily, and intelligently" stipulated to the Grade C violation.  *Id.*

After hearing the parties' arguments, Judge Ingram issued a Report and Recommendation in which he evaluated the entire record and considered all the Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range.  [R. 381.]  Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service.  *Id.* at 7–8; *see* 28 U.S.C. § 636(b)(1).

More than fourteen days have passed and no one has objected to the Report and Recommendation.  Moreover, Mr. Johnson waived his right to allocution.  [R. 382.]  Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard."  *See Thomas v. Arn,* 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981).  Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

2

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 381]** is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Johnson is found **GUILTY** of the violation;

3. Mr. Johnson's supervised release is **REVOKED**;

4. Mr. Johnson is **SENTENCED** to a term of incarceration of twelve (12) months;

5. Thereafter, a term of supervise release is **IMPOSED** for one year, under the same conditions previously imposed; and

6. Judgment shall enter promptly.

This the 27th day of July 2023.

Gregory F. Van Tatenhove
United States District Judge